UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH, JR.,

                Plaintiff,

-against-

JOHN DOE OFFICERS; MD WHO ORDER MEDICATION (HALDOL); NURSE WHO ADMINISTERED IT; JOHN DOE OFFICERS who arrested Plaintiff during second incident,

                Defendants.

22-CV-2324 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at the Atlantic County Justice Facility in New Jersey, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff asserts claims arising from two unrelated incidents in which police officers detained him under New York Mental Health Law § 9.41 and brought him to a psychiatric hospital. The first claim arose on May 9, 2021, when a store owner in Times Square called police. The second occurred at some point between August 15, 2021 and October 15, 2021, when someone called 911 after Plaintiff's unsuccessful attempt to check into a hotel in Times Square.

      By order dated May 10, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the reasons set forth below, the Court severs

---

[1] Although a district court judge concluded at one point that Plaintiff was barred, under 28 U.S.C. § 1915(g), from proceeding *in forma pauperis* while a prisoner, that order was later vacated because one of the cases on which the district court relied has been filed when Plaintiff was not a prisoner and thus did not qualify as a strike. *See Lurch, Jr. v. Bernal*, 1:20-cv-9329, 9 (S.D.N.Y. Mar. 28, 2022) (McMahon, J.).

Plaintiff's claims arising between August 15, 2021, and October 15, 2021, and directs the Clerk of Court to open the severed claims as a separate action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges the following facts. On May 9, 2021, he ordered food at a store in Times Square. (ECF 2 at 8.) While waiting for his food and eating his meal, Plaintiff charged his cell phone in an outlet in the store. At some point, the owner "became irritated because [Plaintiff] was using the outlet located in the dining area of the store" and asked Plaintiff to leave. (*Id.*) Plaintiff refused, and the owner called the police. Plaintiff told the police officers that he was a "paying customer" and was "not leaving," but they detained him and told him that he was "going to the hospital." (*Id.*) Plaintiff contends that the officers acted "without any justification" in detaining him merely because he "was arguing with NYPD for bringing [him] to the hospital." (*Id.*) Plaintiff states that he was not charged "with trespassing," and there is no indication that he faced any other criminal charges based on the events on May 9, 2021.

Plaintiff was taken into custody under N.Y. Mental Health Law § 9.41. At the hospital, a doctor directed that Plaintiff be medicated with Haldol, and a nurse administered the medication. Plaintiff states that he is allergic to Haldol and argues that defendants' failure to ascertain this shows that defendants did not "use professional judgment" in deciding to medicate him. Plaintiff states that he did not pose a danger to himself or others and did not "threaten [hospital] staff or NYPD stating that he would punch them in the face." (*Id.* at 6.) He sues an unspecified number of John Doe officers, Dr. John Doe who prescribed the Haldol, and the unidentified nurse who administered it.

Plaintiff also brings claims based on an unrelated incident that took place at some point between August 15, 2021 and October 15, 2021. (*Id.* at 10.) Plaintiff had just arrived in Manhattan from Philadelphia, and he went to the Millennium Hotel in Times Square. He did not have a reservation at the hotel and "was informed that there were no rooms available." (*Id.*) Plaintiff "got frustrated with the desk clerk for telling him [that] there were no rooms available without checking the computer." (*Id.*) He was particularly upset, both because he "was willing to pay an early check in fee" and because he had $8500 in cash with him and "wanted to get off the streets because it was dangerous walking around with that type of money at that time of night." (*Id.*) Due to his frustration, Plaintiff "called the desk clerk a 'bitch,' and walked out of the hotel." (*Id.*) As he exited the hotel, someone put Plaintiff in a chokehold. (*Id.*) In the struggle, Plaintiff dropped his shopping bag and his clothing and "rolls of money" fell on the floor." (*Id.*) Someone called 911, and police arrived.

Plaintiff was handcuffed and placed in an ambulance. (*Id.* at 11.) He told the police officers that he had been robbed, but they "disregarded [his] cries or pleas" and took him to Bellevue or another psychiatric hospital, he is not sure which. The doctor who evaluated Plaintiff "let [him] go that same morning." (*Id.*) Plaintiff thereafter attempted to recover his shopping bag, to no avail. Plaintiff sues an unknown number of John Doe officers, asserting a claim for false arrest. Plaintiff further contends that he "was the victim" and that the police officers "did nothing." (*Id.*) Plaintiff seeks compensatory and punitive damages, totaling $2 million.

## DISCUSSION

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). Under Rule 20, persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions . . . ; and (B) any question of law or fact common to all defendants will arise in the action. Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, the court considers "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007)). Put another way, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013

WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Here, Plaintiff's claims arising on May 9, 2021. are wholly separate from his claims arising at the Millennium Hotel in fall 2021, and involve different defendants. The claims neither arise out of the same transaction nor raise any common question of law or fact. Plaintiff's allegations that multiple defendants harmed him in separate incidents are insufficient to join them in a single action. *Deskovic*, 673 F. Supp. 2d at 167. Joinder of these unrelated matters thus does not comport with Rule 20(a).

The Court concludes that severance of Plaintiff's claims arising in fall 2021 at the Millennium Hotel is warranted. These claims involve different witnesses and evidence than those required for Plaintiff's claim regarding the events of May 9, 2021. Severance will further judicial economy because Plaintiff's fall 2021 claims cannot yet proceed, among other reasons, because he has not supplied sufficient information to identify any of the defendants. He has not included sufficient facts about the date of the incident, the number of "John Doe" officers or any description of them, the psychiatric hospital to which he was taken, or other facts that would allow the New York City Law Department to identify these officers. By contrast, Plaintiff appears to have provided sufficient information to allow the defendants involved in the May 9, 2021, incident to be identified. Severance will not prejudice Plaintiff because the claims arising in fall 2021 will be opened as a separate action to allow him an opportunity to replead these claims. *See, e.g.*, *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) ("Where certain claims are properly severed, the result is that there are then two or more separate 'actions'") (citation omitted). There is also no prejudice to defendants in having these unrelated claims

proceed separately. The Court therefore directs the Clerk of Court to open the severed claims as a separate action.

## CONCLUSION

The Court severs Plaintiff's claims against Defendants "John Doe Officers who arrested Plaintiff during second incident," which arose between August 15, 2021 and October 15, 2021. The Court directs the Clerk of Court to open a new action naming only these defendants ("John Doe Officers who arrested Plaintiff during second incident"), with a copy of the complaint (ECF 2) from this action. Plaintiff's claims against the remaining defendants in connection with the incident on May 9, 2021, will proceed under this docket number and will be reassigned to a district judge under the Rules for the Division of Business Among District Judges. The undersigned will address the sufficiency of the severed portion of the complaint in a separate order that will be issued in the new action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge