RECEIVED
SDNY PRO SE OFFICE
2022 AUG -8 PM 2:43

Docket #: 22-cv-2324

Motion to compel defendants to preserve and disclose body cam footage.

Defendants are directed to meet and confer with Plaintiff regarding Plaintiff's motion and, on or before August 23, 2022, submit a letter detailing their position on Plaintiff's motion.

SO ORDERED: 08/09/22

*Vernon Broderick*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

In connection with the May 9, 2021 incident, I was just made aware by my attorney handling my criminal case in New Jersey that I was charged with the following charges in regards to the instant matter: ① Failure to pay service, ② Obstructing Governmental admin., ③ Criminal Trespass and ④ Disorderly Conduct.

Now since New York City has entered into the era where all officers are required to wear Body cam devices and are mandated to have these devices on when responding to a call, this case will be amongst the many cases that will pioneer the movement that will require NYPD officers to have their complaints screened and their body cam footage viewed prior to the filing of any charges to ensure that the veracity of their statements alleged in the complaint in regards to any observed criminal conduct, allegations against the arrestee communicated to the officers by a third party and behavior exhibited by the arrestee actually occurred rather than being fabricated by the officer to make an arrest.

I said what I stated above due to the fact that on the day of the incident I was removed from the establishment under the pretext of MHL 9.41 all because I was charging my phone in a small eatery while consuming food that I paid for.

In this specific establishment, you have to pay at the time you order or the food wont be prepared (its not setup to where you can eat first and pay later like many dine-in establishments).

So when the officers responded to the call, the plaintiff already paid for his meal and the dispute was over the fact that I utilized an outlet to charge my phone (which I felt was appropriate, I was a paying customer) while I ate, not that I

didn't pay for my meal.

These allegations were not even communicated to any of the hospital staff at Bellevue by the officers (based off of my recollection of the incident), so how subsequently was the plaintiff charged with failure to pay for a service (the store cashier never conveyed to officers that the plaintiff didn't pay for his food)(the body cam footage of the incident will show)?

The plaintiff has signed the releases for the FDNY records and the medical records of the incident (it was sent to defendant's counsels paralegal).

This case is ironic because officers in another matter thats pending appeal utilized (well fabricated) similar reasoning to take me into costody pursuant to MHL 9.41, however, I was not charged in that matter and that was the pre-body cam era.

In this day and age, the officers involved can not use mendacious allegations (that they allegedly observed) to justify taking someone into costody pursuant to MHL 9.41 or to criminally charge that individual (well in the near future that will be the case).

Therefore, Im writing this court asking it to compel the officers to preserve and disclose the body cam footage of the incident (from the time they responded to the call until the time they seized the plaintiff) to avoid any unecessary litigation (as soon as their identified).

Once this court gets the opportunity to view what actually went on certain arguments will no longer be able to be presented by the defense to avoid being liable for their actions.

Respectfully,

Name: Robert Derek Lurch Jr.    Date: 6/24/2022    Signature: _____

## DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

I, Robert Lurch, Jr., Date of Birth 11 / 28 / 1990 SS# 086 - 80 - 3060 pursuant to CPL §§ 160.50 and 160.55, hereby designate HON. SYLVIA O. HINDS-RADIX, Corporation Counsel of the City of New York, or her authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. Robert Lurch, Jr., Docket No. or Indictment No. _____, in criminal Court, County of New York, State of New York, relating to my arrest on or about May 9, 2021, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

_____
Robert Lurch, Jr.

STATE OF NEW York )
                  : SS:
COUNTY OF Queens  )

On this 21st day of July, 2022, before me personally came Robert Lurch, Jr., to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC
YANA I HADJIHRISTOVA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HA6385564
Qualified in Queens County
My Commission Expires 01-07-2023

NEW YORK NY 100
NEW YORK NY 100
5 AUG 2022 PM 13 L
5 AUG 2022 PM 7 L

Pro se office
Southern district of New York
United states district court
500 Pearl st.
New York, NY
10007

10007-135095

Legal mail

Robert Derek Lurch Sr.
Bkc #: 8252200946
09-09 Hazen St.
East Elmhurst, NY
11370

RECEIVED
SDNY PRO SE OFFICE
2022 AUG -8 PM 2: 33