

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**MARY K. SHERWOOD**
*Assistant Corporation Counsel*
msherwoo@law.nyc.gov
Phone: (212) 356-2425
Fax: (212) 356-3509

August 15, 2022

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re: <u>Robert Derek Lurch, Jr. v. John Doe, et al.</u>
       22 Civ. 2324 (VSB)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney assigned to the in the above-referenced matter. I write to respectfully respond to Court Order dated August 9, 2022, in the capacity of an interested party.

  By way of background, Robert Lurch, Jr. ("Plaintiff") brings this action, pursuant to 42 U.S.C. § 1983 against four John Doe individuals: two police officers, a doctor, and a nurse. (Dkt. No. 2). On May 19, 2022, the Court Ordered[1] this Office to identify the John Doe defendants. (Dkt. No. 8). In order to identify these defendants, this Office requires sufficient releases from Plaintiff. (*See* Dkt. No. 11). In regards to the police officer John Does, this Office received Plaintiff's Criminal Procedure Law § 160.50 release, via Docket Entry 13,[2] on August 8, 2022. At this time, his Office has not yet been able to identify the arresting and apprehending officers, two of the four[3] John Doe defendants, and is in the process of requesting the relevant documents based

---

[1] Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).

[2] The undersigned contacted the Southern District of New York and had the entry temporarily sealed due to the sensitive nature of some of its contents, *i.e.* Plaintiff's date of birth and social security number. The ECF Help Desk at the Southern District of New York advised the undersigned that a party would have to petition the Court in order to get the entry permanently sealed.

[3] The third John Doe is a doctor that allegedly authorized medication to Plaintiff without his consent. (Dkt. No. 8 at p. 2). The fourth John Doe is a nurse who administrated the medication. (Id.) Plaintiff sent an insufficient medical release on June 13, 2022 and this Office has not received complaint releases for Plaintiff's medical records in order to

on the release received on August 8, 2022. In regards to the doctor and the nurse, this Office has not yet received sufficient releases to access Plaintiff's medical records.[4]

On August 8, 2022, Plaintiff filed a "motion to compel defendants to preserve and disclose body cam footage." (Dkt. No. 13). On August 9, 2022, the Court Ordered "defendants to confer with Plaintiff and submit a letter detailing their position on Plaintiff's motion." (Dkt. No. 15). The City of New York is not a party to this action, and there are not yet any named defendants who are eligible to representation by this Office. Pursuant to New York General Municipal Law Section 50-k, this Office cannot defend an officer that it does not represent and one that has not been served with process. N.Y. Gen. Mun. L. §50-k(4). In sum, this Office does not represent any defendants in this action and thus are not in a position to confer with Plaintiff regarding his motion.

In addition, Plaintiff attempts to compel "defendants" to preserve and disclose body-worn camera footage, however, this Office cannot yet determine who "defendants" will be, to the extent they exist because it has not yet received the documents from Plaintiff's underlying criminal case. As mentioned above, Plaintiff only last week provided this office with his § 160.50 release. The release was necessary to obtain not only documents but also to obtain the relevant Body Worn Camera footage related to Plaintiff's arrest. Now that the release has been received, this Office can begin the process of identifying the John Doe defendants and thus eventually determine whether body-worn camera footage exists for this incident.

Therefore, this Office respectfully respond to Court Order dated August 9, 2022, in the capacity of an interested party without conferring with Plaintiff.

Thank you for your consideration herein.

Respectfully submitted,

*Mary K. Sherwood*
Mary K. Sherwood
*Assistant Corporation Counsel*
Special Federal Litigation Division

---

identify the other John Doe. This Court extended this Office's time to comply with the May 19, 2022 Order until sixty (60) days after this Office receives executed releases. (Dkt. No. 11).

[4] On June 6, 2022, this Office sent the request for this release to Plaintiff. On June 23, 2022, this Office received a Plaintiff's executed NYC Health and Hospitals release, which is necessary but not sufficient to receive Plaintiff's medical records from Bellevue Hospital. Specifically, Plaintiff did not execute the HIPAA portion of the release without which the provider will not release Plaintiff's confidential medical information. On June 30, this Office resent the HIPAA release form to Plaintiff, however, as of the date of this letter, this Office has not received the executed HIPAA release back from Plaintiff.

cc:     **VIA FIRST-CLASS MAIL**
Robert Derek Lurch, Jr.
B&C#: 8252200446
George R. Vierno Center
NYC Department of Correction
09-09 Hazen Street
East Elmhurst, New York 11370

For the reasons stated in the Corporation Counsel of the City of New York's letter, Plaintiff's request to compel Defendants to preserve and disclose the body-cam footage from this incident, (Doc. 13), is DENIED without prejudice.  Plaintiff may renew his request once the City of New York identifies the John Doe officers pursuant to my Valentin Order dated May 19, 2022.  (Doc. 8.)  On July 15, 2022, I granted the City a 60-day extension to comply with my Valentin order, beginning from the date the City receives the fully executed 160.50 and medical record releases from Plaintiff.  (Doc. 12.)  Corporation Counsel of the City of New York is further ordered to provide the Court with a status update once it receives all the required information and the beginning of the 60-day period is triggered.  If this information is not provided by September 30, 2022, the Corporation Counsel of the City of New York is directed to file a status update on that date.

SO ORDERED:

_____
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

August 19, 2022