```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                                          :
ROBERT DEREK LURCH,                                       :
                                                          :
                                Plaintiff,                :
                                                          :          22-CV-2324 (VSB)
                  -against-                               :
                                                          :               ORDER
                                                          :
JOHN DOE OFFICERS that had Plaintiff in                   :
their custody and arrested Plaintiff during May           :
9, 2021 incident; M.D. who ordered                        :
medication; NURSE who administered it,                    :
                                                          :
                                Defendants.               :
                                                          :
---------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      This Order resolves the parties' six-month dispute over the identification of defendants in this action. Plaintiff Robert Derek Lurch ("Lurch") sued Defendant the City of New York for harms arising from his May 9, 2021, arrest, and subsequent medication at Bellevue Hospital. As Lurch is proceeding *pro se*, I issued an order on May 19, 2022, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), directing the City of New York to identify the officer who arrested Lurch, that officer's partner, and the medical staff who administered medication to him, (Doc. 8.) The City of New York identified the arresting officer, his partner, (Doc. 20, at 2), and the medical staff that administered medication at Bellevue Hospital, (Doc. 23, at 2). It also stated that other officers participated in the arrest, but that Lurch had not provided enough information to identify those officers. (Doc. 20, at 2.) Lurch responded that he wished to sue these officers as well and requested assistance in identifying them. (Doc. 22.)

      On November 16, 2022, the City of New York asked that I relieve it of its obligation to identify these additional officers because Lurch's claim is frivolous. (Doc. 25.) Lurch asserts in

response that the City of New York deliberately misidentified the parties involved in the events giving rise to his Complaint. He seeks discovery so that he may identify these parties himself. (Doc. 27.) He has also filed a separate motion requesting that the City of New York be compelled to identify the officers involved in his arrest. (Doc. 29.)

"Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant." *Stephen v. Hall*, No. 19CV2225JPOVF, 2022 WL 6765791, at *1 (S.D.N.Y. Oct. 11, 2022). This assistance, however, is not limitless, particularly in an action's initial stages. For example, courts routinely decline to issue "*Valentin* Orders" where a plaintiff does not provide enough information to identify an unidentified defendant or where it does not appear that a plaintiff has stated a claim. *See, e.g.*, *Flowers v. Sehl*, No. 22 CIV. 2766 (AT), 2022 WL 1471038, at *1 (S.D.N.Y. May 10, 2022) (declining to issue a *Valentin* Order where "[p]laintiff alleges no facts showing how these Doe defendants were directly involved in violating his rights, and provides no information would that allow any City agency to identify these defendants . . . ."); *Booker v. Griffin*, No. 16-CV-00072 (NSR), 2018 WL 1614346, at *20 (S.D.N.Y. Mar. 31, 2018) (declining to issue a *Valentin* Order where a plaintiff failed to state a claim against the unknown party); *see also Harding v. New York*, No. 22-CV-6285 (NSR), 2022 WL 3156414, at *2 n.2 (S.D.N.Y. Aug. 8, 2022) (declining to issue a *Valentin* Order where plaintiff did not specifically assert how unidentified defendants had violated his rights or provide sufficient information to identify them); *Burns v. Un-Named Emps. of New York City Corr. & Health & Hosps.*, No. 22-CV-2371 (AT), 2022 WL 2708869, at *2 (S.D.N.Y. June 7, 2022) (same); *Jones v. Bloomberg*, No. 14 CIV. 6402 KPF, 2014 WL 4652669, at *2 n.2 (S.D.N.Y. Sept. 17, 2014) (same).

Additionally, courts have declined to use *Valentin* Orders as a substitute for the normal

discovery process. Thus, where a defendant reasonably complies with a *Valentin* Order and a plaintiff challenges the accuracy or sufficiency of that response, or where a defendant is unable to identify the relevant parties based on the information a plaintiff has provided, courts have directed plaintiffs to amend their complaint based on whatever information a defendant has provided, and given leave to amend if discovery reveals the relevant parties' identity. *See, e.g.*, *Williams v. Does*, No. 07 CIV. 3018 (RJS), 2008 WL 4525393, at *2–3 (S.D.N.Y. Oct. 2, 2008) (declining to issue a further *Valentin* Order and directly Plaintiff to proceed against "John Doe" defendants where a government agency had made reasonable but unsuccessful efforts to identify defendants).

The circumstances here suggest that, after six months of disputes, additional *Valentin* Orders are not warranted. The City of New York has reasonably complied with the initial orders, having identified four parties connected to the incidents Lurch describes. (Docs. 20, 23). Lurch, however, has taken issue with the accuracy of this information and asserts that he would like to sue a different set of officers as well. (*See,* Doc. 27, at 1.) Yet his papers provide limited information that would permit the City of New York to identify those officers. Lurch's papers also fail to specify how the various officers he intends to sue were involved in his arrest and transportation to Bellevue Hospital. Thus, as in *Williams*, we have reached the limits of what may be properly accomplished through *Valentin* Orders. 2008 WL 4525393, at *2–3.

The next step is for Lurch to file an amended complaint based on the information he has already received. If he believes there are additionally, unidentified parties that he has claims against, he may make his allegations against these parties as John and Jane Doe defendants. He should provide as much specific information about these John and Jane Doe defendants and the wrongful acts that they committed as possible. If Lurch's amended complaint states a claim

against these unknown parties, he may identify them through pretrial discovery and any other means I deem appropriate. Accordingly, it is

ORDERED that Lurch's request for additional discovery is denied without prejudice. It is

FURTHER ORDERED that my Order of November 9, 2022, directing the City of New York to identify additional defendants is STAYED pending further action of the Court. And, it is

FURTHER ORDERED that by January 20, 2023, Lurch shall file an amended complaint identifying defendants that he asserts claims against based on the information provided by the City of New York thus far, and in compliance with the instructions in this Order.

The Clerk of Court is respectfully directed to terminate the motion at Doc. 29.

SO ORDERED.

Dated: December 13, 2022
      New York, New York

Vernon S. Broderick
United States District Judge