```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ROBERT DEREK LURCH,                                          :
                                                             :
                              Plaintiff,                     :
                                                             :     22-CV-2324 (VSB)
              -against-                                      :
                                                             :          ORDER
                                                             :
JOHN DOE OFFICERS that had Plaintiff in                      :
their custody and arrested Plaintiff during May              :
9, 2021 incident; M.D. who ordered                           :
medication; NURSE who administered it,                       :
                                                             :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ X
```

VERNON S. BRODERICK, United States District Judge:

      Interested party the City of New York (the "City") moves for a stay of discovery pending the resolution of parallel state criminal proceedings against Plaintiff. (Doc. 42.) Plaintiff, proceeding *pro se*, takes no position on this request. (*Id.*)

      The grant of a stay of discovery is committed to the discretion of the district court. *Louis Vuitton Malletier S.A. v. LY USA*, Inc., 676 F.3d 83, 96 (2d Cir. 2012). Moreover, while a number of tests have been developed to guide the exercise of this discretion, "[t]hese tests . . . no matter how carefully refined, can do no more than act as a rough guide for the district court as it exercises its discretion." *Id.* at 99.

      Courts in this District faced with parallel civil and criminal proceedings have overwhelmingly exercised their inherent powers to grant stays pending the resolution of the criminal matter. *See, e.g.*, *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993); *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 270 (S.D.N.Y. 1995); *Johnson v. New York City Police Dep't*, No. 01CIV.6570(RCC)(JCF), 2003 WL

21664882, at *2 (S.D.N.Y. July 16, 2003); *Doe v. City of New York*, No. 09 CV 9895 (BSJ), 2010 WL 286643, at *1 (S.D.N.Y. Jan. 19, 2010); *Sec. & Exch. Comm'n v. Blaszczak*, No. 17-CV-3919 (AJN), 2018 WL 301091, at *4 (S.D.N.Y. Jan. 3, 2018); *Sec. & Exch. Comm'n v. Abraaj Inv. Mgmt. Ltd.*, No. 19-CV-3244 (AJN), 2019 WL 6498282, at *3 (S.D.N.Y. Dec. 3, 2019); *Doe v. Indyke*, No. 20CV00484 (JGK) (DF), 2020 WL 5518384, at *6 (S.D.N.Y. Sept. 14, 2020).

There are sound reasons that such requests are consistently granted. Permitting parallel civil and criminal proceedings imperils a defendant's right against self-incrimination and risk civil discovery going beyond what a defendant will have to provide in the criminal case. *See, e.g.*, *Estes-El*, 916 F. Supp. at 270; *Johnson*, 2003 WL 21664882; *City of New York*, 2010 WL 286643, at *1. Conversely, the civil case will likely benefit from the resolution of the criminal case given the ability to use criminal discovery material and the fact that the resolution of the criminal proceeding may resolve or at least simplify many of the issues in the civil proceeding. *Blaszczak*, 2018 WL 301091, at *3; *Abraaj Inv. Mgmt. Ltd.*, 2019 WL 6498282, at *3. Furthermore, a stay is likely when a plaintiff takes no position on the relief sought. *Blaszczak*, 2018 WL 301091, at *2; *Abraaj Inv. Mgmt. Ltd.*, 2019 WL 6498282, at *2.

All of these factors are present in here. Accordingly, the City's motion to stay discovery pending the resolution of Plaintiff's state criminal case is GRANTED. The City shall submit a status letter by the earlier of July 31, 2024, or seven days after the final resolution of Plaintiff's criminal proceedings outlining the progress of the case.

The Clerk of Court is respectfully directed to close the motion at Doc. 42.

SO ORDERED.

Dated: August 1, 2023
       New York, New York

_____
Vernon S. Broderick
United States District Judge