UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ROBERT DEREK LURCH,                                          :
                                                             :
                                      Plaintiff,             :
                                                             :            22-CV-2324 (VSB)
                    -against-                                :
                                                             :                 **ORDER**
JOHN DOE OFFICERS that had Plaintiff in                      :
their custody and arrested Plaintiff during May              :
9, 2021 incident; M.D. who ordered                           :
medication; NURSE who administered it,                       :
                                                             :
                                      Defendants.            :
                                                             :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        Plaintiff Robert Derek Lurch, proceeding pro se, moves to lift the stay in this action,

(Doc. 46), for summary judgment, (Doc. 47), and for the appointment of pro bono counsel, (Doc.

48).  Plaintiff has one prior motion for summary judgment pending.  (Doc. 34.)

        Plaintiff premises his request to lift the stay on the assumption that this action was stayed

because the court was unable to get in touch with him.  (Doc. 46.)  However, I stayed all

proceedings and discovery in this case because there are active criminal proceedings against the

Plaintiff in state court arising out of substantially the same proceedings on which Plaintiff bases

his civil case.  (Doc. 43.)  As I explained in that order, "[c]ourts in this District faced with

parallel civil and criminal proceedings have overwhelmingly exercised their inherent powers to

grant stays pending the resolution of the criminal matter."  (*Id.* 1.)  I also explained that there are

sound reasons for this ranging from the risks civil proceedings pose to a defendant's right against

self-incrimination to the efficiencies associated with proceeding in a civil action after discovery

in the criminal action has been conducted.  (*Id.* 2.)  All of these factors remain in place while the

criminal action against Plaintiff is proceeding.  Accordingly, whether I construe Plaintiff's

motion as a request to lift the stay or for a reconsideration of my grant of the stay, I find that the

request is not merited given that the factual circumstances have not changed since the entry of

the order imposing the stay.[1]

Given this stay, as well as the fact that discovery in this action has not concluded,

Plaintiff's motions for summary judgement are premature.  *See, e.g.*, *Doe v. Trustees of

Columbia Univ. in City of New York*, No. 21 CV 05839 (ER), 2021 WL 4267638, at *1

(S.D.N.Y. Sept. 16, 2021) ("[C]ourts routinely deny motions for summary judgment as

premature when discovery over relevant matters is incomplete or until the nonmoving party has

had time to file a responsive pleading.") (collecting cases)  Plaintiff's motions for summary

judgment are therefore DENIED with leave to renew at the appropriate interval.

Plaintiff's motion for the appointment of pro bono counsel is also DENIED with leave to

renew at a later date.  "[I]n civil cases, there is no requirement that courts supply indigent

litigants with counsel." *Singleton v. City of New York*, No. 20-CV-8570 (ALC), 2022 WL

4620174, at *12 (S.D.N.Y. Sept. 30, 2022).  However, "[t]he *in forma pauperis* statute provides

that the courts 'may request an attorney to represent any person unable to afford counsel.'" *Id.*

(quoting 28 U.S.C. § 1915(e)(1)).  The threshold consideration for whether to grant a request for

pro bono counsel is the merits of the pro se plaintiff's claim.  *Cooper v. A. Sargenti Co.*, 877

F.2d 170, 172 (2d Cir. 1989).  Here, discovery has been stayed and the criminal case against

Plaintiff is still pending.  It is thus not possible, at this early juncture to assess the merits of his

claim and determine if pro bono counsel is warranted.  Plaintiff may renew his request for pro

---

[1] In a brief aside, Plaintiff suggests I stay only his false arrest claims, not his other claims.  (Doc. 46 at 1.)  However, Plaintiff's other claims, including excessive force, unlawful seizure, and unlawful medication, (Doc. 31 at 9–17), stem from the same incident so the rationale for the stay applies with equal force to these claims.

bono counsel following the lifting of the stay and the filing of any responsive pleading by

Defendants.

  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to

close the motions at Docs. 34, 46, 47, and 48.

SO ORDERED.

Dated: September 6, 2023
   New York, New York

            Vernon S. Broderick
            United States District Judge