

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK , NEW YORK 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.

For the reasons set forth below, the stay in this case is hereby lifted. Furthermore, the deadline for all Defendants to respond to the complaint is extended to February 5, 2024.

Dated: December 22, 2023

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:   <u>Robert Derek Lurch, Jr. v. John Doe, et. al.</u>
            22 Civ. 2324 (VSB)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Officer Eric Kim (hereinafter "Defendant") in the above-referenced matter.[1] Defendant Kim writes in accordance with the Court Order dated August 1, 2023 to submit a status letter regarding the final resolution of Plaintiff's criminal matter and to respond to Plaintiff's motion to lift the stay. In sum, Defendant Kim does not oppose Plaintiff's motion to lift the stay because, upon information and belief, Plaintiff pled guilty in satisfaction of the criminal charges underlying this case. Additionally, Defendant Kim respectfully requests that the Court allow forty-five (45) days for him to respond to the complaint. The City, as an interested party, further requests that the Court *sua sponte* allow the same extension for the remaining named NYPD defendant Officer Amanda Psareas.

      By way of background, Robert Lurch, Jr. ("Plaintiff") brought this action, pursuant to 42 U.S.C. § 1983 against four John Doe individuals: Officers Kim and Psareas, Dr. Jonathan Howard, and a nurse, K. Carty. (Dkt. No. 2). Plaintiff alleges that, on May 9, 2021, he ordered food "at a small store in the Times Square." (Dkt. No. 2, at p. 8). He further alleges that he was charging his phone "in the dining area of the store" but "the store owner" told him he had to leave even though "nobody else was being asked to leave[,]…he bought food[,]…[and] was still eating."[2] (Dkt. No. 2, at p. 8). According to his arrest report and body-worn camera footage, on May 9, 2021, Plaintiff

---

[1] As stated more fully herein, the City is still working to represent the other named, NYPD defendant in this matter.

[2] Here, Plaintiff admits there was a complaining victim, *i.e.* the store owner, and does not state a reason to doubt the complaining victim's veracity. *See Berg v. 505-23 Bar Inc.*, No. 10 Civ. 4883 (RMB) (HBP), 2012 U.S. Dist. LEXIS 86622, at *23 (S.D.N.Y. June 20, 2012) ("When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity").

was arrested while eating and drinking inside of the display case of an Express clothing store. He was also repeatedly screaming profanities and threatening police officers and passerby. Plaintiff was then taken to Bellevue Hospital, where he was allegedly given medication that he was allergic to against his will.[3] (Dkt. No. 2, at p. 6). Despite Plaintiff's assertion that he was not charged with trespassing, Plaintiff was charged with, *inter alia*, trespassing in the third degree on this date. (Dkt No. 2, at p. 6).

On August 1, 2023, the Court stayed this matter pending the resolution of Plaintiff's state criminal case. (Dkt. No. 43). In that Order, the Court ordered the City to submit a status letter by the earlier of July 31, 2024, or seven days after the final resolution of Plaintiff's criminal proceedings outlining the progress of the case. (Dkt. No. 43). On December 6, 2023, Plaintiff moved to have the stay be lifted. (Dkt. No. 50). In response, the Court Ordered that the City file a letter responding to Plaintiff's motion by December 27, 2023. (Dkt. No. 52). The undersigned learned on December 18, 2023 that, upon information and belief, Plaintiff pled guilty to attempted assault in satisfaction of these (and possibly other) charges on November 30, 2023.

The stay in this case should be lifted so that Defendant Kim (and Psareas, if ultimately represented by this office) can seek to dismiss this matter pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). To that end, a forty-five (45) day enlargement of time is requested to file a request for a pre-motion conference in anticipation of a motion to dismiss. This extension will provide defendant(s) with sufficient time to obtain the documents necessary to continue to investigate the underlying incident in accordance with our obligations under Rule 11 of the Federal Rules of Civil Procedure. In order to do so, defendants needs to obtain records regarding the underlying criminal case including police records, the District Attorney's files, and the Criminal Court file.[4] The extension is also needed for the City to resolve representation as to defendant Amanda Psareas from the New York Police Department. *See* Gen. Mun. L. § 50(k); *Mercurio v. City of New York*, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

---

[3] Plaintiff's medical records state that he has an allergy to Haldol as of May 18, 2021. This incident took place on May 9, 2021. Plaintiff does not allege that he told the defendants that he was allergic to the Haldol.

[4] The undersigned could not get these documents prior to the close of the criminal case. However these documents have been requested as of December 18, 2023.

      Accordingly, Defendant Kim respectfully requests that the Court allow forty-five (45) days for him submit a pre-motion conference letter in anticipation of a motion to dismiss on *Heck v. Humphrey* grounds. 512 U.S. at 486. The City further requests that the Court *sua sponte* allow the same extension for the remaining named NYPD defendant Officer Amanda Psareas.

      Respectfully submitted,

*Mary K. Sherwood*

Mary K. Sherwood
*Assistant Corporation Counsel*
Special Federal Litigation

cc:    VIA FIRST-CLASS MAIL
       Robert Derek Lurch, Jr.
       B&C:  3102300365
       George R. Vierno Center (GRVC)
       09-09 Hazen Street
       East Elmhurst, NY  11370