UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
ROBERT DEREK LURCH, JR., :
:
                      Plaintiff, :
:          22-CV-2324 (VSB)
        -against- :
:               **ORDER**
P.O. ERIC KIM, P.O. AMANDA :
PSAREAS, JOHN DOE Officers that :
assisted in detaining and transporting the :
Plaintiff, DR. JONATHAN HOWARD, K. :
CARTY, *registered nurse*, and JOHN DOE :
Officers that arrested Plaintiff on 40th and :
8th Ave. on May 9, 2021 around 7 PM to :
7:45 PM, :
:
                     Defendants. :
:
----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       On March 23, 2022, Plaintiff Robert Derek Lurch, Jr. brought this action alleging violations of 42 U.S.C. § 1983. (Doc. 2.) On May 10, 2022, Chief District Judge Swain granted Lurch "in forma pauperis" ("IFP") status pursuant to 28 U.S.C. § 1915 (the "IFP Statute"). (Doc. 5.) Before me is a letter filed by Defendants Eric Kim and Amanda Psareas (together, the "City Defendants"), dated March 14, 2024, arguing that Lurch had at least three strikes under the Prison Litigation Reform Act (the "PLRA") and requesting that I "order Lurch to show cause why his *in forma pauperis status* should not be revoked." (Doc. 82 at 1.)

       Also on March 14, 2024, the Second Circuit issued its decision in *Cotton v. Noeth*, 96 F.4th 249 (2d Cir. 2024), addressing whether a dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), constitutes a strike under the PLRA for failure to state a claim. In light of this decision, I ordered the City Defendants to file a supplemental letter addressing *Cotton*'s impact

1

on two dismissals that they argued counted as strikes. (Doc. 89.) The City Defendants filed their supplemental letter on April 9, 2024. (Doc. 94.) Lurch filed a letter in opposition on April 26, 2024. (Doc. 98.) As I find that Lurch has only two strikes under the PLRA, the City Defendants' letter request seeking that I order Lurch to show cause why his *in forma pauperis* status should not be revoked is DENIED.

The IFP Statute was "designed to ensure that indigent litigants have meaningful access to the federal courts" and thus waives the pre-payment of filing fees for qualifying prisoners of limited financial means. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "However, concerned by the resulting rise of an 'outsize share of prisoner filings' and a 'flood of nonmeritorious claims,' Congress enacted the [Prison Litigation Reform Act (the "PLRA")] in 1996 in order to curb abuses of the IFP privilege and ensure 'fewer and better prisoner suits.'" *Jones v. Moorjani*, No. 13-CV-2247, 2013 WL 6569703, at *3 (S.D.N.Y. Dec. 13, 2013) (alterations omitted) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)), *report and recommendation adopted by* 2014 WL 351628 (S.D.N.Y. Jan. 31, 2014). To that end, the PLRA contains the following "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

After giving the plaintiff notice and an opportunity to be heard, a court may revoke a prisoner's IFP status and dismiss the complaint if it finds that plaintiff has three prior disqualifying suits (i.e., "strikes"). *See Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007)

(affirming district court's revocation of the plaintiff's IFP status); *see also Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

In support of their request that I revoke Lurch's IFP status, the City Defendants point to four cases that purportedly count as "strikes" under the PLRA: (1) *Lurch, Sr. v. N.Y.C. Department of Corrections*, No. 16-CV-3835 (S.D.N.Y.); (2) *Lurch, Jr. v. Fayetteville Police Department*, No. 16-CT-3133 (E.D.N.C.); (3) *Lurch, Jr. v. City of New York*, No. 18-CV-2379 (S.D.N.Y.); (4) *Lurch, Jr. v. NYSDOCCS*, No. 20-CV-3430 (S.D.N.Y.). I address each case in turn.

Beginning with the first case, *Lurch, Sr. v. New York City Department of Corrections*, Lurch filed this action against the New York City Department of Corrections (and others) on May 23, 2016.[1] No. 16-CV-3835 (S.D.N.Y.), Doc 1. In an order dated August 16, 2016, the court directed Lurch to amend his complaint to address deficiencies in his original pleading. *N.Y.C. Dep't of Corr.*, Doc. 8. On October 17, 2016, Lurch filed an amended complaint, *N.Y.C. Dep't of Corr.*, Doc. 10, setting forth "entirely new claims," *N.Y.C. Dep't of Corr.*, Doc. 11 at 3. Because the new claims were not "plausibly connected to the original claims," the court declined to consider them on the merits. *N.Y.C. Dep't of Corr.*, Doc. 11 at 4. The court then dismissed for failure to state a claim and without leave to replead the only claims properly before it—those pleaded in the original complaint. *N.Y.C. Dep't of Corr.*, Doc. 11 at 4 ("Plaintiff's complaint, filed in forma pauperis under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C.

---

[1] Although the case caption lists the Plaintiff's name as "Robert Deren Lurch, Sr.," the information on the docket, including the name and the Department Identification Number listed in the handwritten complaint, demonstrate that the case was filed by Robert Derek Lurch, Jr.

3

§ 1915(e)(2)(B)(ii)."). This dismissal therefore constitutes a strike. *See Burns v. Schell*, No. 20-CV-5582, 2020 WL 6365556, at *1 (S.D.N.Y. Oct. 28, 2020) (counting dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) as strikes), *aff'd*, No. 20-3883, 2023 WL 1113215 (2d Cir. Jan. 31, 2023).

The second alleged strike is *Lurch, Jr. v. Fayetteville Police Department* ("*Fayetteville*"), which was filed in this District on May 23, 2016, and transferred to the Eastern District of North Carolina the following day. No. 16-CT-3133 (E.D.N.C.), Doc. 34 at 1. In *Fayetteville*, Lurch alleged that he was wrongfully arrested and incarcerated in Fayetteville, North Carolina on July 5, 2013. Doc. 2. After noting that Lurch had pleaded guilty to the underlying charge, the court dismissed the case without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes suits for damages under Section 1983 that necessarily have the effect of challenging existing state or federal criminal convictions. Specifically, the court concluded that Lurch was "unable to meet the *Heck* requirements" because he had failed to allege "that the underlying conviction [had] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Fayetteville*, Doc. 34 at 4–5.

The analysis of *Fayetteville* is governed by the Second Circuit's recent decision in *Cotton v. Noeth*, 96 F.4th 249 (2d Cir. 2024), which held that "whether a *Heck* dismissal qualifies as a strike depends on . . . whether the dismissal turned on the merits or whether it was simply a matter of sequencing or timing." *Id.* at 257. Where "it is clear from a complaint that a plaintiff can no longer challenge an underlying conviction (e.g., for timing reasons or because he has already done so), the *Heck* dismissal should count as a strike because the failure to invalidate the conviction is irremediable." *Id.* at 258. On the other hand, where courts dismiss an action under

4

*Heck* without prejudice on prematurity grounds because plaintiff has not yet succeeded in overturning his conviction, no strike accrues. *See id.* The *Fayetteville* court did not explicitly state that it was dismissing the case for prematurity, but it relied on Lurch's failure to plead facts demonstrating that the action was ripe, e.g. facts demonstrating that Lurch had attempted or succeeded in getting his conviction or punishment reversed, expunged, declared invalid, or called into question. In combination with the court's explicit statement that it was dismissing without prejudice, *Fayetteville* does not function as a dismissal on the merits sufficient to serve as a strike under *Cotton*. *See id.* at 258 ("[T]his Court has made clear that 'fail[ure] to state a claim' [under the PLRA] was not intended to apply to 'suits dismissed without prejudice for failure to comply with a procedural prerequisite.'") (quoting *Snider v. Melindez*, 199 F.3d 108, 111 (2d Cir. 1999)).

Even if I were to find that *Fayetteville* could have been an adjudication on the merits, at best the decision is ambiguous. Under *Cotton*, such an ambiguity should not be used against Lurch in the form of a strike. In one of the alleged strikes in *Cotton*, the district court cited to 28 U.S.C. § 1915(e)(2)(B), which provides three separate grounds for dismissing a prisoner's claims: the action is (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Subsections (i) and (ii) constitute strikes under the PLRA, but subsection (iii) does not. The district court did not specify on which ground it was basing its dismissal. Therefore, the district court may have dismissed the case for reasons that would qualify it as a strike, but it may have dismissed because the prisoner sought monetary relief against a defendant who was immune, which would not constitute a strike. Confronted with this ambiguity, the Second Circuit found that "it would be inappropriate to presume there was a strike." *Cotton*, 96 F.4th at 259. The logic applied in *Cotton* applies here as well. Where the *Fayetteville* court left the grounds for

dismissal ambiguous, but it may have been for prematurity under *Heck*, which would not count as a strike, it is inappropriate to presume there was a strike.

The third case raised by the City Defendants is *Lurch, Jr. v. City of New York*, filed on March 15, 2018. No. 18-CV-2379 (S.D.N.Y.). In that case, Lurch brought claims for false arrest and malicious prosecution based on his conviction for criminal possession of a weapon in the third degree. *City of New York*, No. 18-CV-2379 (S.D.N.Y.), Doc. 11 at 1–2. Citing *Heck*, the court dismissed the case "pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)" because Lurch had "not alleged that his conviction was overturned or otherwise invalidated." *Id.* at 3–4. Setting this case apart from *Fayetteville*, the court in *City of New York* also concluded that granting Lurch leave to amend would be futile because "the defects in [his] complaint cannot be cured with an amendment." *Id.* at 4. Since dismissals under *Heck* that are irremediable count as strikes, *see Cotton*, 96 F.4th at 258, the dismissal of *Lurch, Jr. v. City of New York* is Lurch's second strike under § 1915(g).

The final case at issue is *Lurch, Jr. v. City of New York*, filed on April 30, 2020. No. 20-CV-3430 (S.D.N.Y.). In that case, the court dismissed Lurch's claims after he failed to file an amended complaint. No. 20-CV-3430 (S.D.N.Y. Oct. 23, 2020), Doc. 9. The Second Circuit has held that, after a court grants a plaintiff leave to amend, a dismissal for failing to file an amended complaint does not count as a strike under Section 1915. *See Cotton*, 96 F.4th at 256 (holding that "there was no dismissal for a reason enumerated in Section 1915(g)" where, as here, the plaintiff did not "file an amended complaint"). This case therefore does not count as a strike.

Since only two of Lurch's past cases qualify as strikes under the PLRA, the City Defendants' letter request for an order directing Plaintiff to show cause why his IFP status should not be revoked is DENIED.

SO ORDERED.

Dated: March 7, 2025
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge